

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00402-CR

EDWIN LOUIS AKES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,149, Honorable Dan Mike Bird, Presiding

June 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

After a jury trial, appellant Edwin Louis Akes was convicted of the offense of aggravated robbery.[1]  Punishment was assessed by the trial court at seventy-five years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[2]

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(3) (West 2018).

[2] *See* TEX. PENAL CODE ANN. §§ 12.32; 12.42 (West 2018).  This is a first-degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years.  Appellant's indictment included two enhancement paragraphs, setting forth his two previous final felony convictions, one for murder and one for injury to a child.

Appellant's court-appointed attorney has filed a brief in compliance with *Anders* v. *California*, 386 U.S. 738 (1967), and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), in support of his motion to withdraw. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

Evidence at trial showed that seventy-three-year-old Dan Robinson was driving along a Vernon, Texas street when a man later identified as appellant flagged him down, ostensibly looking for a ride. Robinson refused him. Appellant then jumped in the passenger side window, demanded Robinson's wallet and hit Robinson in the head with a BB gun.[3] Robinson told the jury he thought appellant "was going to kill me."

Robinson testified he stopped his car and appellant took a child's baseball bat from the front seat. He pulled Robinson from the car, tearing his shirt, and took his wallet containing his driver's license and $147. Robinson said he tried to shoot appellant with the gun, but the gun would not fire. He threw the gun down.

Three witnesses testified they observed the events. One said she saw a man leaning into the front driver's door like he was trying to grab something. She told the jury the older man in the car was "[t]rying to fight for his life." Another witness testified similarly, noting Robinson was hit "at least five" times. They all testified appellant had a gun. The witnesses said Robinson "had blood running down his face." One witness

---

Appellant pleaded "true" to each of the two enhancement provisions, making the applicable range of punishment imprisonment for life or for any term of not more than 99 years or less than 25 years.

[3] Robinson, other witnesses, and responding officers all testified the BB gun looked like an actual firearm.

described Robinson as "just struggling because this man was trying to get his belongings and beat him all at the same time."

Responding police officers found Robinson was bleeding and found a BB gun on the ground. Robinson required twenty-five stitches.

Witnesses testified appellant was wearing a purple shirt and blue jeans. They saw him take Robinson's wallet and leave the scene. Appellant entered a nearby apartment where he was arrested. Police found clothing matching the witnesses' description in the apartment's bathroom. DNA evidence showed both appellant's and Robinson's DNA present on the shirt. Police also found Robinson's wallet in the apartment. Appellant had $100 on his person when he was arrested.

The jury found appellant guilty of the indicted offense, aggravated robbery, and the trial court sentenced appellant to seventy-five years of imprisonment. The trial court certified appellant's right to appeal and this appeal followed.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders,* 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d at 406. Counsel discusses in some detail why, under the controlling authorities, the appeal is frivolous. *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* by providing to appellant a copy of the brief, his motion to withdraw, and the clerk's and reporter's records, and by notifying him of his right to file a pro se response and a petition for discretionary review if he desired to do so. *Kelly v. State,* 436 S.W.3d

313 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d at 408. By letter, we granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant has filed a response raising several issues, including an issue concerning an exhibit admitted at trial.

In the *Anders* brief, counsel demonstrates a diligent review of the proceedings and sentencing and discusses several potential issues, but concludes there are no arguably meritorious issues for appeal. We have independently examined the entire record, including appellant's response and his contentions with regard to the trial exhibit, and agree with counsel's assessment. *See Penson v. Ohio*, 488 U.S. 75 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.[4]

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review. TEX. R. APP. P. 48.4.